IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.: 3:22-CV-21728-MCR-ZCB

MICHELLE L. SMITH,

    Plaintiff,

vs.

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.
_____

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, USAA CASUALTY INSURANCE COMPANY ("USAA") responds to Plaintiff, Michelle L. Smith's, Complaint as follows:

    1.    Admitted.

    2.    Without sufficient knowledge; therefore, denied.

    3.    Admitted Defendant, USAA is a foreign corporation, incorporated in the State of Texas, with its principal place of business in San Antonio, Texas and is licensed to conduct business in the State of Florida.

    4.    Denied, as this case has been removed to the United States District Court for the Northern District of Florida.

04949103

      a. Admitted.

      b. Without sufficient knowledge; therefore denied.

      c. Defendant, USAA is a foreign corporation, incorporated in the State of Texas, with its principal place of business in San Antonio, Texas.

## **BREACH OF CONTRACT**

5.    Admitted to the extent that USAA issued a policy of insurance to Plaintiff, Michelle L. Smith, Policy No. 0675 12 33 90A, with effective dates of July 31, 2020 to July 31, 2021 (hereinafter the "Policy"); otherwise, denied.

6.    Admitted to the extent that USAA issued the Policy to Plaintiff, which includes Coverage A – Dwelling Protection in the amount of $428,000; Coverage B – Other Structures Protection in the amount of $42,800; Coverage C – Personal Property Protection in the amount of $321,000; and Coverage D - Personal Property Protection in $85,600. The Policy itself is the best evidence of its terms, conditions, exclusions and applicability. All other allegations contained in Paragraph 6 not specifically admitted are denied.

7.    Admitted only that the insured property, located at 2616 Bayshore Parkway, Milton, Florida 32583, sustained direct physical loss as a result of Hurricane Sally. All other allegations contained in Paragraph 7 not specifically admitted are denied.

8. Admitted the insured property was inspected and USAA issued payment to Plaintiff in the amount of $48,979.65. All other allegations contained in Paragraph 8 not specifically admitted are denied.

9. Denied.

10. Denied.

11. The allegations of Paragraph 11 are denied as phrased.

12. Denied.

13. Admitted to the extent that USAA issued the Policy to Plaintiff, which includes Coverage A – Dwelling Protection. The Policy itself is the best evidence of its terms, conditions, exclusions and applicability. All other allegations contained in Paragraph 13 not specifically admitted are denied.

14. Denied.

15. Denied.

16. Admitted that on September 9, 2022, Plaintiff's counsel provided USAA with a Pre-Suit Settlement Demand which is attached to Plaintiff's Complaint as Exhibit 4. Admitted USAA rejected the demand and a correspondence from USAA is attached to Plaintiff's Complaint as Exhibit 5. All other allegations contained in Paragraph 16 not specifically admitted are denied.

17. Admitted Plaintiff submitted a "Property Insurance Notice of Intent to Initiate Litigation" on September 12, 2022, through the Florida Department of

Financial Services being docketed at Notice No. 54462. All other allegations contained in Paragraph 17 not specifically admitted are denied.

18. Admitted.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim and Defendant's obligations are governed by the terms of the applicable policy. Defendant states that its liability to the Plaintiff herein, if any, is limited and subject to the terms, conditions, exclusions, and provisions of its policy of insurance.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of payment, accord and satisfaction, waiver, release, discharge of contract, and/or compromise and settlement. Defendant has evaluated Plaintiff's claims and made payment for same pursuant to the terms of the subject policy.

04949103

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has not fulfilled all conditions precedent prior to filing this lawsuit and/or has failed to fulfill the conditions precedent to entitle the insured to recover under the applicable insurance policy for the loss alleged in Plaintiff's Complaint. Plaintiff failed to report the loss in a timely manner and/or failed to mitigate her damages.

Respectfully submitted this 31st day of October, 2022.

BOYD & JENERETTE, P.A.

_____
JORDAN L. PARKER
Florida Bar No. 88766
KATHRYN M. OUGHTON
Florida Bar No. 0059371
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 - Telephone
904-493-3739 - Facsimile
Attorneys for Defendant
Primary Address for E-service:
efiling@boydjen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the

04949103

foregoing document is being served this day to James M. Messer, Esq (messerlaw@att.net) 1499 Knollwood C.t, Vestavia, AL 35243 via CM/ECF, on this 31st day of October, 2022.

_____
**ATTORNEY**

04949103