IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.: 3:22-CV-21728-MCR-ZCB

MICHELLE L. SMITH,

      Plaintiff,

vs.

USAA CASUALTY INSURANCE
COMPANY,

      Defendant.

_____

## USAA CASUATLY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

USAA CASUALTY INSURANCE COMPANY ("USAA CIC'), by and through its undersigned counsel hereby files its Response in Opposition to Plaintiff's Motion to Compel Because to Defendant's Failure to Respond to Request for Production of Documents with Incorporated Memorandum of Law [Doc. 10] and states as follows:

## BACKGROUND

1.     October 3, 2022, Plaintiff, MICHELLE L. SMITH ("Plaintiff") filed her Complaint in the Circuit Court of the First Judicial Circuit in and for Santa Rosa County. Plaintiff's Complaint alleges breach of contract of insurance by USAA and

05119988

seeks the Policy limits under Coverage A for the dwelling in the amount of $428,000. Plaintiff further seeks damages under Coverage C of her Policy for personal property and Coverage D of her Policy for loss of use.

2.    On October 27, 2022, USAA CIC removed the case to Federal Court.

3.    On November 1, 2022, Plaintiff served Defendant with Plaintiff's First Interrogatories to Defendant and Plaintiff's First Request for Admissions to Defendant. Defendant served Plaintiff with responses to Plaintiff's initial discovery requests on December 15, 2022. (Composite Exhibit 1).

4.    On November 21, 2022, USAA CIC served Plaintiff with Defendant's Rule 26 Initial Disclosures, identifying among other things, the individuals having knowledge concerning the issues in this case and providing documents in its possession that may be used to support claims or defenses.  (Composite Exhibit 2).

5.    On November 28, 2022, Plaintiff served USAA CIC with its First Request for Production of Documents, and on December 30, 2022, the undersigned's office apologized to Plaintiff's counsel for inadvertently missing the deadline to respond and requested a seven (7) day extension of time. (Exhibit 3).

6.    On December 30, 2022, Plaintiff's counsel's office advised Plaintiff would not grant an extension of time to respond to the Requests for Production, and advised the Request for Production were necessary because Defendant did not produce documents with the Initial Rule 26(a) disclosure. In Response, the

05119988

undersigned counsel's office re-sent the Initial Rule 26(a) disclosures and corresponding documents, and believed the discovery issued had been resolved. (Exhibit 4).

7.    On Friday, January 6, 2023, Plaintiff's counsel's office notified the undersigned they planned to file a Motion to Compel on Monday, January 9, 2022. Therefore, the undersigned counsel reached to Plaintiff's counsel to set a telephone conference to discuss the misunderstanding regarding discovery. (Exhibit 5).

8.    On January 9, 2023, Defendant served Plaintiff with Responses to Request for Production. (Exhibit 6).

9.    The parties also had a telephone conference on January 9, 2023, to discuss the misunderstanding regarding discovery, and agreed to set another telephone conference on January 13, 2023, to have a substantive discussion regarding Defendant's Responses to Request for Production. (See Exhibit 5).

10.    On January 13, 2023, the parties attended a telephone conference to discuss Plaintiff's objections to Defendant's Responses to Request for Production. However, counsel for Plaintiff advised he did not wish to discuss each objection and planned to file a motion to compel.  Plaintiff's Motion to Compel was filed on January16, 2023 [Doc. 10].

11.    On January 17, 2023, this Honorable Court entered an Order directing the parties to confer regarding the issues raised in the Motion to Compel and advised

05119988

it expected the parties to endeavor in good faith to resolve the issues raised in the Motion. [Doc.11].

12.     On January 24, 2023, pursuant to the Order, the parties attended a telephone conference to discuss the issues raised in the Motion to Compel.  The telephone conference lasted twenty-eight (28) minutes.  However, Plaintiff's counsel advised it did not matter if Defendant revised its Responses to Request for Production and/or provided additional documentation in an attempt to resolve the issues in the Motion, as Plaintiff's counsel advised he believes he is entitled to the entire claim file and planned to move forward with the Motion to Compel.

13.     Despite, Plaintiff's counsel's position on the Motion to Compel, Defendant has served Plaintiff with Amended Responses to Request for Production and Privilege Log. (Composite Exhibit 7).

14.     For the reasons discussed herein, Plaintiff's Motion to Compel should be denied.   Plaintiff's discovery requests seek evidence protected by the attorney/client and/or work product doctrine privilege. Further, the discovery requests, and Plaintiff's counsel have confirmed, that Plaintiff seeks the entire claim file which is beyond the scope of discovery and therefore are not discoverable.

15.     In addition, Plaintiff's request for expenses pursuant to Rule 73(a)(5)(A), *Fed. R. Civ. P.* should be denied as Defendant made a numerous good faith efforts to resolve all discovery issues, without court intervention.

05119988

## **MEMORANDUM**

In Plaintiff's Motion to Compel, Plaintiff cites to numerous Federal Court rulings indicating the Plaintiff is entitled to the claim file materials, however, the cases cited by Plaintiff are distinguishable from the subject matter.  Specifically, each case cited by Plaintiff involve issues of bad faith, declaratory judgment actions, and/or tortious breach of the implied covenant of good faith and fair dealing. Here, the matter is a simple breach of contract claim and the claim file is not relevant or discoverable at this time.

State substantive law applies to a matter along with federal procedural rules where the court's jurisdiction is based on diversity citizenship. *Gavin's Ace Hardware, Inc. v. Federated Mut. Ins. Co.*, 2011 U.S. Dist. LEXIS 124625; 23 Fla. Weekly Fed. D 75; 2011 WL 5104475 (M.D. Fla. 2011).  Additionally, "Federal Courts in Florida have held that claim files are not discoverable when a breach of contract claim is at issue and before the Plaintiff either brings a bad faith claim or prior to the bad faith claim being ripe." *Id.* at *7.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

05119988

Fed. R. Civ. P. 26(b)(1) (emphasis added). However, "The scope of discovery, though, is not without limits." *Cytodyne Techs., Inc. v. Biogenic Techs., Inc.,* 216 F.R.D. 533, 535 (M.D. Fla. 2003). Like all matters of procedure, it has "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The court must limit discovery that is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2). "Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 351-52. "[D]iscovery is designed to help define and clarify the issues," not muddy them. *Cytodyne Techs., Inc.,* 216 F.R.D. at 535.

"Relevant, as used in Rule 26(b)(1) means a "matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.,* 231 F.R.D. 426, 430 (M.D. Fla. 2005). The Court stated as follows regarding discovery disputes concerning relevance:

> When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R .Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. However, when relevancy is not apparent, the burden is on the party *seeking* discovery to show the relevancy of the discovery request.

05119988

*Moss v. GEICO Indem. Co.,* No. 5:10-CV-104-OC-10TBS, 2012 WL 682450, at *4 (M.D. Fla. Mar. 2, 2012) (quoting *Dean v. Anderson*, No. 01-2599-JAR, 2002 WL 1377729, at *2 (D. Kan. June 6, 2002)). The discovery rules do not "permit a plaintiff to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Marshall v. Westinghouse Elec. Corp.,* 576 F.2d 588, 592 (5th Cir. 1978).

Moreover, Florida case law is abundantly clear that an insurer's claim file is not discoverable during the pendency of the underlying litigation, and only becomes discoverable in a subsequent bad-faith action, following the determination of liability, damages, and a judgment in excess of the insured's policy limits. *See Matlack v. Day*, 907 So.2d 577, 579 (Fla. 5th DCA 2005)(J. Griffin, concurring)("Everybody knows, or should know, that a claim file in a third-party liability case…is not discoverable prior to entry of an excess judgment. Discovery of the defendant insured's claim file maintained by the insurer is only allowed in a bad faith suit, which in turn must follow entry of an excess judgment against the insured."); *State Farm Mut. Auto Ins. Co. v. O'Hearn*, 975 So.2d 633, 637 (Fla. 2d DCA 2008)("A party is not entitled to discovery of an insurer's claim file or documents related to the insurer's business policies or practices regarding the handling of claims); *American Bankers Ins. Co. of Fla. V. Wheeler*, 711 So.2d 1347 (Fla. 5th DCA 1998)(It is a departure from the essential requirements of law to order

05119988

disclosure of the insurer's claim file and the insurer's claims handling manuals and materials); *Gov't Employees Ins. Co. v. Rodriguez*, 960 So. 2d 794 (Fla. 3rd DCA 2007)(Discovery order requiring insurer to produce claim file documents and manuals was a departure from the essential requirements of law; the fact that the affirmative defense of accord and satisfaction was raised did not open the door to insurer's claims handling procedures); *Scottsdale Ins. Co. v. Camara De Comercia Latino-Americana De Los Estados Unidos, Inc*., 813 So.2d 250, 251-52 (Fla. 3d DCA 2002)("Neither the insured nor the injured third party is entitled to discovery of the claims file… because the claims file is the insurer's work product."); *see also Gen. Star Indem. Co. v. Anheuser-Busch Companies, Inc*., 741 So.2d 1259, 261 (Fla. 5th DCA 1999); *XL Specialty Ins. Co. v. Skystream, Inc*., 988 So.2d 96, 98 (Fla. 3d DCA 2006); *West American Ins. Co. v. Neva Products, Inc*., 490 SO.2d 117 (Fla. 2d DCA 1986); *Gavin's Ace Hardware, Inc. v. Federated Mut. Ins. Co.,* 2011 U.S. Dist. LEXIS 124625 (M.D. Fla. Oct. 27, 2011) (holding Federal Courts in Florida hold that the claims files are not discoverable when a breach of contract claim is at issue before the Plaintiff either brings a bad faith claim or the bad faith claim is not right, and Florida substantive law and Federal procedural rules apply in cases based on diversity of citizenship); *State Farm Florida Ins. Co. v. Gallmon,* 835 So. 2d 389, 390 (Fla. 2d DCA 2003) (holding claims files, investigative reports, adjuster notes, underwriting files are not discoverable in a sinkhole coverage dispute.); *State Farm*

*Fire & Cas. Co. v. Valido*, 622 So. 2d 1012 (Fla. 3d DCA 1995) (holding, per curiam, that insurer's claims files, manuals, guidelines and documents concerning its claim handling procedures are irrelevant to first party coverage dispute and therefore not discoverable).

Based on the foregoing, it is clear Florida substantive law applies to the production of an insurer's claim file materials, claim file material are not discoverable in breach of contract claims, and Plaintiff's Motion to Compel should be denied. It is further evident that Defendant has made numerous good faith efforts to resolve this matter without the need to this Court's intervention, and Plaintiff's request for fees should be denied.

WHEREFORE, Defendant USAA CASUALTY INSURANCE COMPANY, respectfully requests this Honorable Court enter an Order Denying Plaintiff's Motion to Compel, and any further relief as this Court deems appropriate.

Respectfully submitted this 31st day of January, 2023

BOYD & JENERETTE, P.A.

_____

JORDAN L. PARKER
Florida Bar No. 88766
KATHRYN M. OUGHTON
Florida Bar No. 0059371
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 - Telephone

05119988

904-493-3739 - Facsimile
Attorneys for Defendant
Primary Address for E-service:
efiling@boydjen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to James M. Messer, Esq (messerlaw@att.net) 1499 Knollwood C.t, Vestavia, AL 35243 via CM/ECF, on this 31st day of January, 2023.

_____
**ATTORNEY**

## LOCAL RULE 7.1(C) CERTIFICATION

Undersigned counsel has attempted, in good faith, to resolve this dispute pursuant to Local Rule 7.1(B), Rule 37(a)(1) Federal Rules of Civil Procedure, and paragraph (8) of the Court's Initial Scheduling Order [Doc. 2]. I have spoken to Plaintiff's counsel via telephone on January 9, 2013, January 13, 2023 and January 24, 2023. On both January 13th and January 24th, 2023, Plaintiff's counsel advised it did not matter if Defendant revised its Responses to Request for Production because he planned to move forward with the Motion to Compel, thus, the parties were unable to reach an agreement.

05119988

LOCAL RULE 7.1(F) CERTIFICATION

Defendant's Response to in Opposition to Plaintiff's Motion to Compel is above. Pursuant to Local Rule 7.1(F), the undersigned herby certifies:

Defendant's Response in Opposition to Plaintiff's Motion to Compel contains two thousand and seventy (2,070) words and complies with the word limit for a Motion set forth in Local Rule 7.1(F).

Respectfully submitted this 31st day of January, 2023

BOYD & JENERETTE, P.A.

_____
JORDAN L. PARKER
Florida Bar No. 88766
KATHRYN M. OUGHTON
Florida Bar No. 0059371
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 - Telephone
904-493-3739 - Facsimile
Attorneys for Defendant
Primary Address for E-service:
efiling@boydjen.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to James M. Messer, Esq (messerlaw@att.net) 1499 Knollwood C.t, Vestavia, AL 35243 via CM/ECF, on this 31st day of January, 2023.

05119988

**ATTORNEY**

05119988